UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------------------X
RODRIGO GIL,

                           Plaintiff,                    **COMPLAINT**

     -against-

TWO APRONS, LLC,                              **Jury Trial Demanded**

                         Defendant.
--------------------------------------------------------------------X

       Plaintiff Rodrigo Gil, by his attorney, STILLMAN LEGAL PC., hereby files this complaint against Two Aprons, LLC, and alleges as follows:

JURISDICTION AND VENUE

1.     This action is brought to remedy overtime and minimum wage violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Law ("NJWPL"), and the New Jersey Conscientious Employee Protection Act ("CEPA"), including minimum wage, overtime, spread of hours, wage statement, and wage notice violations.

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the District of New Jersey.

PARTIES

*Plaintiff*

4.     Plaintiff Rodrigo Gil is a natural person who resides in Essex County, New

1

Jersey.

*Defendants*

5.      Defendant Two Aprons, LLC, is a domestic corporation incorporated under the laws of the State of New Jersey.

6.      At relevant times after 2020, Two Aprons, LLC operated a restaurant at 270 Grand Street, Jersey City, NJ 07302.

7.      Defendant Two Aprons, LLC, maintained an address of record at 201 Warren St, #A, Jersey City, NJ 07302.

8.      Defendant Two Aprons, LLC conducted business as "Café Dolma".

9.      Defendant Two Aprons, LLC., maintained a principal place of business at 201 Warren St, #A, Jersey City, New Jersey in Hudson County.

*Time and Pay Records*

10.     An employer must "make, keep, and preserve" accurate records of employee wages, hours, and employment conditions. 29 U.S.C. § 211(c).

11.     An employer must "keep a true and accurate record of the hours worked by each" and "no exemption from record keeping pursuant to this section in regard to any person employed in a bona fide executive, administrative or professional capacity shall be construed to permit an employer to pay wages at a rate which violates the provisions of section 5 of P.L.1966, c. 113." N.J.S.A. 34:11-56a20.

12.     An employee's recollections are presumed accurate where an employer has not kept records.  *Reich v. S. New Eng. Telcomms. Corp.,* 121 F.3d 58, 66-67 (2d Cir. 1997)(citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)); *See, e.g., Mumbower v. Callicott*, 526 F.2d 1183, 1186 (8th Cir. 1975)

(relying on employee's recollection was proper, otherwise employers could "benefit from their failure" to maintain required records).

*Minimum Wage*

13.     The FLSA prohibits employers from paying employees less than the legally prescribed minimum regular rate for each hour worked.  29 U.S.C. §§ 206(a)(1), 215(a)(2).

14.     Like the FLSA, the NJWHL also prohibits covered employers from paying their employees less than the legally prescribed minimum wage for each hour worked. N.J.S.A. 34:11-56a4.

15.      "The regular hourly rate is the rate per hour." N.J.S.A. 12:56-6.5(a). An employee's regular hourly wage is determined "by dividing his or her total remuneration for employment, exclusive of overtime premium pay, in any workweek, by the total number of hours worked in that workweek for which such compensation was paid." N.J.S.A. 12:56-6.5(b). *See* 29 U.S.C. § 207(e); *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S. Ct. 1242, 89 L. Ed. 1705 (1945).

16.     "[W]here a tipped employee spends in excess of 20 percent in the workweek performing related duties, no tip credit may be taken [by the employer] for the time spent in such duties." N.J.S.A. 12:56-3.5(n).

17.     "When the result of dividing the week's compensation by the weekly hours is less than the applicable state minimum wage rate..., the governing federal regulations require that straight time be compensated at the state minimum wage rate." *Solis v. Tally Young Cosmetics, LLC*, 2011 U.S. Dist. LEXIS 35333, 24, 2011 WL 1240341 (E.D.N.Y. Mar. 4, 2011).

18.     The minimum wage rate in New Jersey for pay earned from January 1, 2021, to December 31, 2021, was $12.00.

19.     The minimum wage rate in New Jersey for pay earned from January 1, 2022, to

December 31, 2022, was $13.00.

20.     The minimum wage rate in New Jersey for pay earned from January 1, 2023, to December 31, 2023, was $14.13.

*Overtime*

21.     Overtime is calculated at a rate of one and one-half times an employee's regular hourly pay for work performed in excess of forty hours per week. 29 U.S.C. § 207(a)(1); N.J.S.A. 12:56-6.1.

22.     "Under the FLSA, where the state minimum wage is higher than the federal minimum wage, the federal overtime rate is calculated based on the state minimum wage." *Pineda-Herrera v. Da-Ar-Da, Inc.*, 2011 U.S. Dist. LEXIS 57121, 10, 2011 WL 2133825 (E.D.N.Y. May 26, 2011)(quoting *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 2011 U.S. Dist. LEXIS 19111, 2011 WL 691184, at *9 & n.4 (E.D.N.Y. Feb. 28, 2011)).

23.     For all hours from January 1, 2021, to December 31, 2021, the proper overtime premium based on the NJ minimum hourly rate was $18.00.

24.     For all hours worked from January 1, 2022, to December 31, 2022, the proper overtime premium based on the NJ minimum hourly rate was $19.50.

25.     For all hours worked on and subsequent to January 1, 2023, the proper overtime premium based on the NJ minimum hourly rate is $21.195.

*Deductions from Wages*

26.     N.J. Stat. § 34:11-4.4 prohibits employers from "withholding or diverting any portion of an employee's wages."

27.     N.J. Stat. § 34:11-4.4(a)-(b) in turn, limits deductions to those that are " [a] required or empowered to do so by New Jersey or United States law; or [b] the amounts withheld or diverted are for contributions authorized in writings by employees."

4

*Misrepresentation*

28.     Negligent misrepresentation is found when an "'incorrect statement was negligently made and justifiably relied upon' and that the injury was sustained as a consequence of that reliance." *Carroll v. Cellco Partnership*, 713 A. 2d 509, 516-517 (N.J. Sup. Ct. 1998).

*Damages*

29.     Any employer who fails to provide adequate compensation shall be liable to the employee for unpaid wages, liquidated damages, reasonable attorney's fees, and costs.  29 U.S.C. § 216(b); N.J.S.A. 34:11-4.10(c).

30.     "An employer found to owe employee wages shall pay the employee the wages owed plus liquidated damages equal to not more than 200% of the wages owed, exclusive of any costs," N.J.S.A. 34:11-58(b)

FACTUAL ALLEGATIONS

31.     At relevant times, Defendant Two Aprons, Inc. was an employer as defined under the FLSA, the NJWPL, the NJWHL, and the CEPA.

32.     At all relevant times, Two Aprons, LLC has been an entity engaged in commerce as defined by the FLSA.  29 U.S.C. §§ 201 *et seq*.

*Rodrigo Gil*

33.     At all relevant times, Mr. Gil was an employee of and employed by the Defendants under the FLSA, the NJWPL, the NJWHL, and the CEPA.

34.     More specifically, Mr. Gil was employed by Defendants from 2020 to 2023.

35.     Mr. Gil was employed 6 days a week and his scheduled hours were from 7:30AM to 4:30PM.

36.     In August 2020, Mr. Gil was employed as a waiter and was paid an hourly salary of $4.12.

37.     In 2021, Mr. Gil was still employed as a waiter and was paid an hourly salary of $5.00.

38.     From November 2022 through 2023, Mr. Gil was still employed as a waiter and was paid an hourly salary of $10.00.

39.     Mr. Gil regularly performed auxiliary duties in addition to his waiter duties during the same shift.

40.     The auxiliary duties performed by Mr. Gil encompassed over 20% of his time during each shift.

41.     This additional work was done at the behest of the owner, who made representations to Mr. Gil that Mr. Gil would also be an owner of Two Aprons, LLC if Mr. Gil performed the work.

42.     Mr. Gil was not compensated at the New Jersey Minimum wage for all hours worked.

43.     Mr. Gil never received overtime compensation for hours worked in excess of forty.

44.     Mr. Gil was never given part ownership of Two Aprons, LLC, as represented.

### FIRST COUNT

Minimum Wages under the Fair Labor Standards Act

29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 206 & 216)

45.     Plaintiffs realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

46.     Defendant is an employer within the meaning of 29 U.S.C. § 203(e).

6

47.     Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

48.     Defendant was required to pay Plaintiff at a rate not less than the minimum wage as prescribed by law.

49.     Defendant compensated Plaintiff less than the minimum wages to which they were entitled.

50.     Defendants willfully deprived the Plaintiffs of the minimum wage to which they were entitled.

SECOND COUNT

Minimum Wages under the New Jersey State Wage and Hour Law N.J.S.A. 34:11-56a4.

51.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

52.     Defendant is required to compensate Plaintiff at a rate not less than the minimum wage as prescribed by law.

53.     Defendant failed to compensate Plaintiff the minimum wages to which he was entitled.

54.     Defendants willfully deprived Plaintiff of the minimum wages to which he was entitled.

THIRD COUNT

Overtime Wages under the Fair Labor Standards Act

29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)

55.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

56.     Defendant is an employer within the meaning of 29 U.S.C. § 203(e).

57.     Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

58.     Defendant is required to pay Plaintiff one and one-half times the minimum wage for all hours worked in excess of forty (40) hours in a workweek.

59.     Defendant failed to pay Plaintiff the overtime wages to which he is entitled.

60.     Defendant willfully deprived Plaintiff of the overtime wages to which he is entitled.

FOURTH COUNT

Overtime Wages under New Jersey State Wage and Hour Law

N.J.S.A. 12:56-6.1

61.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

62.     Defendant is an employer within the NJWHL.

63.     Plaintiff is an employee within the NJWHL.

64.     Defendants were required to pay Plaintiffs one and one-half times the minimum wage for all hours worked in excess of forty (40) hours in a workweek.

65.     Defendants failed to pay Plaintiffs the overtime wages to which they were entitled.

66.     Defendants willfully deprived the Plaintiffs the overtime wages to which they were entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.  Outstanding pay computed at the legally prescribed minimum wage and an amount equal to such as liquidated damages under the FLSA and NJWHL;

B.  Unpaid overtime pay and an amount equal to unpaid overtime as liquidated damages under the FLSA and NJWHL;

C.  An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the FLSA and NJWHL;

D.  Reasonable attorney's fees and costs of the action; and

E.  Such other relief as this Court shall deem just and proper.

Dated: February 1, 2024
       New York, NY

Sincerely yours,

By: _____
          Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
Email: LS@stillmanlegalpc.com
*Attorneys for Plaintiff*